UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 6:05-CV-126-KKC

BRITT ANGLIAN, ET AL.                                                    PLAINTIFFS

v.            **MEMORANDUM OPINION
              AND ORDER**

ALLSTATE INSURANCE COMPANY                                     DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Remand (Rec. No. 4) of the Plaintiffs, Britt Anglian and Robin Grubbs.

**I.     FACTS**

Plaintiffs filed a complaint in Harlan Circuit Court against Allstate Insurance Company ("Allstate"), alleging damages for the loss of a mobile home trailer insured by Allstate. Rule 8.01 of the Kentucky Rules of Civil Procedure prohibits a plaintiff to cite a specific amount of unliquidated damages, though Plaintiffs acknowledge in their post-removal pleadings $43,500.00 in compensatory damages pursuant to the contract of insurance. Additionally, Plaintiffs seek an unspecified amount of punitive damages. The punitive damages sought are based on Defendant's alleged "bad faith" under the Kentucky Unfair Claims Settlement Practice Act, K.R.S. 304.12-230.[1] Pursuant to 28 U.S.C. § 1441, Allstate removed Plaintiffs' action, alleging diversity of citizenship and an amount in controversy in excess of $75,000.00. Upon notice of such removal, Plaintiffs filed a Motion

---

[1] Plaintiffs actually cite K.R.S. 304.39-010, the Kentucky Motor Vehicle Reparations Act, for such punitive damages though the Court assumes this is an error.

to Remand, asserting lack of "diversity" jurisdiction. Specifically, Plaintiffs assert that the amount in controversy is less than $75,000.00. In support of Plaintiffs' Motion to Remand, the Court was provided with two affidavits, one from each plaintiff, worded as follows:

> I...advise that I have filed a Complaint with the Harlan Circuit Court... I also certify that the amount in controversy...does not exceed $75,000.00 and that a higher amount will not be accepted even if awarded.

(Rec. No. 7)

The issue, then, before this Court is whether the amount in controversy exceeds $75,000.00. If so, the federal jurisdictional requirements are met and the case remains in federal court. If the amount in controversy is less than $75,000.00, the case must be remanded.

## II.     ANALYSIS

The statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable if it could have initially been brought in federal court. A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a). There is no dispute as to the diversity of the parties and, thus, the sole issue is whether, in light of Plaintiffs' affidavits, the amount in controversy exceeds the amount of $75,000.00.

It is well-established law that, given the limited jurisdiction of federal courts, any doubts regarding federal jurisdiction should be construed in favor of remanding a case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Walsh v. American Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D. Ky. 1967).  As such, a defendant desiring to remove a case from state to federal court has the burden of establishing the diversity

jurisdiction requirements of an original federal court action. *Ahearn v. Charter Tp. of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996).

In *Gafford v. General Electric Company*, 997 F.2d 150 (6th Cir. 1993), the Court held the burden is on the party seeking removal to show that it is "more likely than not" that the plaintiff's claims meet the amount in controversy requirement. *Id.* at 158; *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). The removing defendant's burden is to prove, by a preponderance of the evidence, that the jurisdictional facts they allege are true. *Scaccia v. Lemmie*, 236 F.Supp.2d 830, 834-35 (S.D. Ohio 2002) (*citing Gafford* 997 F.2d at 158).

In determining the appropriateness of a remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn*, 100 F.3d at 453. The amount in controversy is assessed at the time of the removal notice. *Legg v. Continental Cas. Co.*, 2002 WL 31936740 at *2 (E.D. Mich. 2002) (unpublished opinion) (citing *Rogers*, 230 F.3d at 871)[2]. Again, Plaintiffs acknowledge in their Motion to Remand (Rec. No. 4) $43,500.00 in compensatory damages pursuant to the contract of insurance. Plaintiffs also seek unspecified punitive damages pursuant to their statutory "bad faith" action. From a conservative standpoint, a 1-to-1 ratio between punitive and compensatory damages, in this case, results in total damages of $87,000.00[3]. Thus, the Court finds that it is more likely than not that the amount in controversy in this matter exceeds $75,000.00.

The Court also finds Plaintiffs' affidavits to be insufficient to defeat this Court's

---

[2]*see also*, *Bush v. Roadway Express, Inc.*, 152 F.Supp.2d 1123, 1125-26 (S.D. Ind. 2001), (citing *Harmon v. OKI Systems*, 115 F.3d 477, 479-480 (7th Cir. 1997) (stating that the test is whether the evidence "sheds light on the situation which existed when the case was removed")).

[3]The United States Supreme Court has held that punitive damages of less than a 10 to 1 ratio are presumably constitutional. *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 410 (2003)

jurisdiction. The post-removal affidavits state only that "a higher amount [than $75,000.00] will not be accepted even if awarded." There is no language in the affidavits indicating that Plaintiffs will not seek more than $75,000.00 in damages. Plaintiffs essentially concede that the amount in controversy *could* exceed $75,000 and, as such,. Plaintiffs' affidavits are insufficient to defeat this Court's jurisdiction.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Rec. No. 4) is **DENIED**.

Dated this 13th day of July, 2005.

**Signed By:**

*Karen K. Caldwell* KKC

**United States District Judge**